UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RAIL SCALE INC** | **CASE NO. 2:22-CV-00153** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COASTAL RAIL SCALES L L C** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 34] filed by defendant Coastal Rail Scales LLC ("Coastal"). Plaintiff Rail Scale Inc. ("RSI") opposes the motion and, in the alternative, moves the court to grant relief under Federal Rule of Civil Procedure 56(d). Doc. 38. Coastal opposes that request. Doc. 40.

### I.
### BACKGROUND

This patent infringement suit arises from United States Patent No. 10,996,100 (the "'100 Patent"), which was filed on February 5, 2019. RSI filed suit against Coastal on January 18, 2022, as assignee of the inventors James Mayer, Dennis Meyers, and Trace Mayer. Doc. 1. There it alleged willful and knowing patent infringement by its competitor, Coastal, through the latter's railroad scale ("rail scale") service and product. *Id.* The matter is now set for jury trial before the undersigned on September 16, 2024, and Coastal has filed counterclaims for declaratory judgment on the invalidity, unenforceability, and non-infringement of the '100 patent. Doc. 18.

Coastal now moves for summary judgment, showing that it acquired its rail scale calibration equipment from Balanced Railway Certification, LLC ("BRC") in 2018. Doc. 34, att. 2. It maintains that, "[e]xcept for some minor, immaterial modifications (such as paint color and part replacements)," the equipment it currently has in use "is the exact same equipment that was developed by BRC in 2015 and purchased by Coastal in 2018." Doc. 34, att. 1, p. 5. Accordingly, it argues, it is entitled to summary judgment because (1) the '100 patent is invalidated by the existence of the BRC equipment in 2015 or (2) if the 2015 BRC equipment does not invalidate the '100 patent, then the same equipment cannot cause infringement of that patent by its existence in 2023. Doc. 34. RSI opposes the motion, arguing that it requires additional discovery and that the motion is premature prior to claim construction. Doc. 38.

## II.
## LAW & APPLICATION

Before considering the merits of the summary judgment motion, the court reviews plaintiff's request to deny the motion as premature. Doc. 38. Federal Rule of Civil Procedure 56(d) allows the court to deny a motion for summary judgment when the nonmovant "shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition[.]" Although motions under Rule 56(d) are "broadly favored and should be liberally granted," the party seeking relief "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Prospect Capital Corp. v. Mutual of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016) (internal quotations omitted). Instead, the party must "set forth a plausible basis for

believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*

This dispute centers on the similarities between (1) the 2015 BRC equipment, which was acquired by RSI in 2018, (2) the equipment subject to the '100 patent, and (3) the equipment currently used by RSI. Coastal supports its motion with

(1) A declaration from BRC cofounder Dennis Sandifer, along with a brochure for the company's 2015 rail scale equipment, dozens of pages of photographs of the equipment, and records of the equipment's sale to Coastal;

(2) A declaration from Coastal co-owner Toby Hagan, supported by photographs of the equipment at the time of purchase from BRC, the sale records, and the equipment currently in use by Coastal;

(3) A declaration from Eileen Rumfelt, attorney for Coastal, describing the history of this litigation;

(4) A declaration from Chris LaCombe, attorney from Coastal, attesting to the fact that RSI inspected the Coastal equipment that is the subject of this litigation on December 15, 2022.

Doc. 34, atts. 2–5. RSI maintains that the motion is premature and that it wishes to rely on additional evidence currently unavailable to it, including a 30(b)(6) deposition of Coastal that will explore changes made to the equipment after Coastal purchased it from BRC. Doc. 38, att. 3, ¶ 7. It also shows that it has had difficulty locating Troy Swedlund, former co-owner of BRC, and wishes to obtain written discovery from him on the components and

functionality of the BRC equipment based on Coastal's representations that it is still using a modified version of the equipment. *Id.* at ¶¶ 3–4; doc. 38, att. 2 (efforts to serve Swedlund with subpoena). Finally, RSI contends that additional time is needed to obtain discovery from third parties and allow a technical expert to assess Coastal's prior art claim. Specifically, it wishes to conduct discovery from third parties identified in the invalidity contentions, including Kanawha Scales & Systems, Inc. and Brechbuhler Scales, Inc., in the hopes that this discovery will "demonstrate that the prior versions of non-rail bound certification equipment are not invalidating prior art." Doc. 38, att. 3, ¶ 8.

Coastal opposes the request, pointing out that RSI had the declaration of BRC's Dennis Sandifer for eleven weeks before the motion for summary judgment was filed yet failed to notice a deposition. It also argues that Swedlund's testimony is cumulative on any issue relevant to this motion, and so the difficulties in locating him should not hinder a decision on the merits. Finally, it observes that the third-party discovery and technical expertise sought by RSI would relate to other prior art and invalidity arguments rather than the discrete prior art arguments made in its motion.

Upon review the court agrees that Swedlund's testimony is not necessary to resolving this dispute. RSI, however, should have the opportunity to depose Sandifer and obtain written discovery from Coastal before responding to a motion for summary judgment. Additionally, in the interest of judicial economy, the court will allow a reasonable period of time for RSI to obtain the third party and expert discovery sought so that all prior art arguments might be raised in cross-motions for summary judgment.

## III.
### CONCLUSION

For the reasons stated above, the Rule 56(d) Motion [doc. 38] will be **GRANTED** and the Motion for Summary Judgment [doc. 34] will be **DENIED** as premature. The parties are granted an additional **120 days** from the date of this ruling to conduct discovery before defendant is permitted to reurge its motion.

**THUS DONE AND SIGNED** in Chambers on the 19th day of July, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE